FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAILI TIMPERLEY, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a foreign insurance company; and BROTHERS RESTORATION, LLC, Bond No. A270093095, a foreign limited liability company; and GUIDEONE INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | No. 2:25-CV-00326-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL AND PLAINTIFF'S MOTION TO AMEND<br><br>**ECF Nos. 14, 16** |

Before the Court is Defendant GuideOne Insurance Company's Motion for Dismissal Under FRCP 12(b)(6) for Failure to State a Claim, ECF No. 14, and Plaintiff's Motion for Leave of Court to Amend the Second Amended Complaint, ECF No. 16.  For the reasons stated below, the Court grants both motions.

## BACKGROUND

On August 21, 2025, Plaintiff filed an Amended Complaint for Damages in Spokane County Superior Court naming GuideOne as a defendant and alleging

ORDER - 1

claims under the Insurance Fair Conduct Act and Consumer Protection Act as well as alleging claims for bad faith violations, breach of contract, negligent claims handling, negligence, suit on registration bond, and declaratory judgment.  ECF No. 1-1 at 1.  On August 26, 2025, Defendant Safeco Insurance Company of America removed the case to the United States District Court for the Eastern District of Washington.  ECF No. 1.

On January 9, 2026, Defendant GuideOne moved to dismiss the claims against it, arguing it was named as a defendant in error.  ECF No. 14 at 2. GuideOne contends that it informed Plaintiff's counsel on September 9, 2025, via email that GuideOne was the incorrect bonding company and referenced the Washington State Contractor Database which listed the correct bonding company. ECF Nos. 14 at 4; 15-1 at 2.  That same day, Plaintiff's counsel's firm responded confirming that GuideOne was named in error and that the complaint would be amended.  ECF No. 15-2 at 2.  On November 4, 2025, the complaint had not been amended and GuideOne emailed Plaintiff's counsel requesting the amendment be made.  ECF No. 15-3 at 2.  Plaintiff's counsel responded that he would work on amending the complaint that day.  *Id.*  GuideOne asserts that the complaint was never amended so it moved to dismiss the claims against it.  ECF No. 14 at 6. Plaintiff did not respond to Defendant GuideOne's motion to dismiss.

ORDER - 2

On February 12, 2026, Plaintiff moved to amend her complaint to remove GuideOne as a party, because GuideOne is the incorrect bonding company, and add the proper bonding company. ECF No. 16. Defendants did not respond to Plaintiff's Motion to Amend but informed the Court that they did not oppose the motion.

**LEGAL STANDARD**

In the Ninth Circuit, a district court may grant a motion to dismiss as unopposed pursuant to a local rule that permits the granting of a motion for failure to respond. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). LCivR 7(e) provides that the "failure to comply with the requirements" of LCivR 7(c) "may be deemed consent to the entry of an order adverse to the party who violates" it.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend their complaint with the court's leave. "The court should freely give leave when justice so requires." *Id.* "The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court." *Stanton v. Battelle Energy All., LLC.*, 83 F. Supp. 3d 937, 949 (D. Idaho 2015). However, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

ORDER - 3

"[T]he Supreme Court identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing Foman, 371 U.S. at 182). These factors "are not of equal weight." *Id.* (citing *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)). "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Id.* "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Id.* (quoting *Howey*, 481 F.2d at 1191) (citations omitted).

**DISCUSSION**

The parties agree that GuideOne was incorrectly named as a party and is not the correct bonding company. ECF Nos. 14 at 2-3; 16 at 2-3. Further, Plaintiff failed to respond to GuideOne's motion, ECF No. 16, and acknowledges that GuideOne is the incorrect bonding company. Pursuant to LCivR 7(e), the Court grants GuideOne's Motion for Dismissal Under FRCP 12(B)(6) for Failure to State a Claim, ECF No. 14.

Defendants do not oppose Plaintiff's Motion to for Leave of Court to Amend the Second Amended Complaint, ECF No. 16. Considering that the motion is unopposed and that the parties agree that GuideOne is the incorrect bonding

ORDER - 4

company, the Court finds that all four factors weigh in favor of allowing leave to amend. Accordingly, the Court grants Plaintiff's Motion for Leave of Court to Amend the Second Amended Complaint.

Accordingly, **IT IS ORDERED:**

1.     Defendant GuideOne Insurance Company's Motion for Dismissal Under FRCP 12(b)(6) for Failure to State a Claim, **ECF No. 14,** and Plaintiff's Motion for Leave of Court to Amend the Second Amended Complaint, **ECF No. 16**, are **GRANTED**.

2.     Plaintiff shall file the Second Amended Complaint by **April 6, 2026**.

3.     All claims against GuideOne Insurance Company are **DISMISSED**.

4.     Defendant GuideOne is directed to file a declaration and documentation in support of their request for costs and fees by April 13, 2026.  Plaintiff may file a response one week thereafter.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to counsel.

DATED March 31, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 5